UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MCDANIELS,<br><br>   Plaintiff,<br><br> v.<br><br>LAWRENCE HARDIN,<br><br>   Defendant. | Case No. 18-cv-06251-EMC<br><br>**RELATED TO**<br><br>Case No. 18-cv-06272-EMC<br>Case No. 18-cv-06275-EMC |
| GABRIEL MCDANIELS,<br><br>   Plaintiff,<br><br> v.<br><br>ROBERT BEYERS,<br><br>   Defendant. | **ORDER RE "FIRST AMENDED CLAIM[;] NOTICE ADDRESSING ALL CONCERN[ED] READY TO PROCEED"**<br><br>Docket No. 12 (C-18-6251)<br>Docket No. 12 (C-18-6272)<br>Docket No. 12 (C-18-6275) |
| GABRIEL MCDANIELS,<br><br>   Plaintiff,<br><br> v.<br><br>GLEN NAVIS,<br><br>   Defendant. | |

   The Court previously issued orders dismissing the complaints filed in Case Nos. C-18-6251 EMC, C-18-6272 EMC, and C-18-6275 EMC. The basis of the dismissal in each case was the same: lack of subject matter jurisdiction. Each dismissal was with prejudice.

   On January 8, 2019, Mr. McDaniels filed a document captioned "First Amended Claim[;] notice addressing all conern[ed] ready to proceed." Given Mr. McDaniels's pro se status, the Court liberally construes the document as a motion for reconsideration. *See, e.g.*, Fed. R. Civ. P. 60(b)(1) (providing that a party may move for relief from a final judgment based on mistake,

inadvertence, surprise, or excusable neglect); *Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (noting that "[r]econsideration under Rule 59(e) is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law'").

Mr. McDaniels has failed to show that reconsideration is warranted. Moreover, even if the Court were to reconsider, he has failed to show that there is subject matter jurisdiction. There is no private right of action under 18 U.S.C. § 242. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (stating that 18 U.S.C. §§ 241 and 242 are "criminal provisions" that "provide no basis for civil liability"); *Banuelos v. Gabler*, No. 1:18-cv-00675-LJO-SAB, 2018 U.S. Dist. LEXIS 85974, at *9 (E.D. Cal. May 21, 2018) (stating that "Plaintiff cannot bring a civil suit for violation of these sections of Title 18 [including § 242] as they do not provide for a private right of action."); *Granier v. Ladd*, No. 5:14-cv-05372-EJD, 2015 U.S. Dist. LEXIS 130505, at *23 (N.D. Cal. Sep. 28, 2015) (noting that "all of Plaintiff's claims assert the violation of several criminal statutes under Title 18 of the U.S. Code [including § 242] and 42 U.S.C. § 1995, none of which provide for a private right of action"); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (barring claims pursuant to 18 U.S.C. §§ 242 and 371 "because, as criminal statutes, they do not convey a private right of action"). And even if there were a private right of action, it is difficult to see how § 242 could apply to the instant case given the allegations in the complaints which refer to "trespass upon my property" "by way of the use of a forged Instrument."

Accordingly, Mr. McDaniels's motions for relief in the cases are hereby **DENIED**. The cases remain closed.

**IT IS SO ORDERED**.

Dated: January 15, 2019

EDWARD M. CHEN
United States District Judge

2